OPINION
{¶ 1} Defendant, Antonio Cobb, appeals from his conviction and sentence for aggravated menacing.
 {¶ 2} On the afternoon of September 28, 2005, Defendant went to 534 Kenilworth Avenue, Dayton, to visit his daughter, *Page 2 
Anestasia, and her mother, Angel Watson. During the visit an argument ensued between Defendant and Ms. Watson. As the argument escalated, Watson's cousin, Jason Poffenberger, told Defendant to leave. Defendant took offense at that remark.
 {¶ 3} Defendant and Poffenberger began arguing, yelling at each other, and exchanging threats. Defendant threatened to "kick Poffenberger's ass," and Poffenberger in turn told Defendant "if you don't leave, I'll beat your ass." When Poffenberger removed his shirt and walked toward Defendant's vehicle where Defendant was seated, Defendant reached down and pulled out a gun. Defendant told Poffenberger he would kill him. Believing that Defendant would shoot him, Poffenberger turned and walked away, and called 911 on his cell phone. Defendant drove off while Poffenberger was calling police.
 {¶ 4} Defendant was charged by complaint filed in Dayton Municipal Court with one count of aggravated menacing in violation of R.C.2903.21(A). The matter was tried to the court. At the trial Defendant testified that he did not have a firearm and did not threaten to kill Poffenberger. The trial court found Defendant guilty and sentenced him to one hundred eighty days in jail.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ENTERED JUDGMENT OF GUILTY WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Defendant was found guilty of knowingly causing Poffenberger to believe that Defendant would cause serious physical harm to Poffenberger. R.C. 2903.21(A).
 {¶ 8} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 9} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 10} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of *Page 4 
facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. InState v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 11} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 12} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 13} Defendant argues that his conviction is against the manifest weight of the evidence because, rather than supporting the victim's (Poffenberger's) claim that Defendant caused him to believe that Defendant would cause him serious physical harm, the evidence in this case demonstrates that both men were exchanging mutual threats to "kick the ass" of *Page 5 
the other. Thus, each man was causing the other to believe that he would cause serious physical harm.
 {¶ 14} Assuming arguendo that is what the evidence demonstrates happened initially, the nature and character of the threats of physical harm being exchanged nevertheless changed from the bravado and posturing common among young men engaged in a heated argument to something considerably more serious once Defendant pulled out a gun and threatened to kill Poffenberger. That is the specific conduct constituting the offense in this case.
 {¶ 15} Defendant complains because the trier of facts, the trial court here, chose to believe Poffenberger's testimony that Defendant pulled out a gun and threatened to kill him, rather than Defendant's testimony that he did not possess a firearm and made no such threat. The credibility of the witnesses, however, and the weight to be given to their testimony are matters for the trier of facts to decide.DeHass, supra. The trial court did not lose its way simply because it chose to believe the State's witnesses, which it had a right to do.
 {¶ 16} Reviewing this record as a whole, we cannot clearly find that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the *Page 6 
State's witnesses, or that a manifest miscarriage of justice occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 17} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1